33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 AWF HEDGED, LTD, formerly known as CCM Financial Group,
L.P., A Colorado Limited Partnership, Plaintiff-Appellee,
v.
KIDDER, PEABODY & COMPANY, INCORPORATED; David C. Pulzone;
John G. Cleveland, and John and/or Jane Doe(s)
and/or Doe entity(ies), Defendants-Appellants.
 No. 93-1262.
Aug. 18, 1994.
United States Court of Appeals, Tenth Circuit.
 
 1
 Before KELLY, McKAY, Circuit Judges, and ROSZKOWSKI, District Judge.[2]
 
 ORDER AND JUDGMENT[1]
 
 2
 Kidder, Peabody & Company (Kidder) appeals the district court's denial of its motion to compel arbitration under the Federal Arbitration Act, 9 U.S.C. 1-16. We have jurisdiction pursuant to 9 U.S.C. 16(a)(1)(B) and we affirm.
 
 Background
 
 3
 AWF Hedged, Ltd. (AWF) is a limited partner in Hedged-Securities Associates, L.P. (HSA), a limited partnership through which Hedged Corp., its general partner, conducted stock and stock option trading activities. On behalf of Hedged Corp. and in furtherance of its corporate purpose, James Donahue, Hedged Corp.'s president, director and sole shareholder, executed a brokerage agreement with Kidder. This agreement contained a clause which mandated arbitration of all related claims.
 
 
 4
 AWF's pending district court action is based on eleven claims for relief generally sounding in tort. The thrust of AWF's argument is that AWF's general partner and a potential investor each contacted the Kidder representative handling Donahue's accounts for information on Donahue's reputation. AWF alleges, among other things, that statements made by this representative were knowingly untrue and induced AWF investors to turn over more funds to HSA. AWF further alleges that Donahue and the Kidder representative conspired to defraud AWF investors through a "ponzi scheme." In the district court, Kidder moved to compel arbitration of these claims in reliance on the arbitration clause in its brokerage agreement with Donahue.
 
 Discussion
 
 5
 In responding to such a motion, the court must determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the substance and scope of that agreement. PaineWebber, Inc. v. Hartmann, 921 F.2d 507, 511 (3d Cir.1990). See also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985) ("the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute"). The district court denied the motion, finding that the Partnership Agreement between Donahue and AWF conferred no power on Donahue to bind AWF to an agreement between Donahue and Kidder. Thus, the court determined that there was no valid agreement to arbitrate between the parties.
 
 
 6
 The determination of arbitrability is subject to de novo review, O'Connor v. R.F. Lafferty & Co., 965 F.2d 893, 901 (10th Cir.1992), and we may affirm the district court's decision on any alternative basis that upholds that conclusion and is supported by the record. Schalk v. Gallemore, 906 F.2d 491, 498 (10th Cir.1990). Our review of the record leads us to conclude that, even if Donahue had the power to bind AWF to a third party contractually, neither the contract nor its provision to arbitrate controls AWF's claims.
 
 
 7
 In its complaint, AWF alleged the following violations against Kidder and its representatives: RICO and the Colorado Organized Crime Control Act; Colorado Securities Act; theft by deception; conspiracy to commit common law fraud; conspiracy to commit breaches of fiduciary duty; conspiracy to convert AWF's funds; civil conspiracy, generally; and aiding and abetting Donahue's fraud, breaches of fiduciary duty, and conversion of funds. None of these claims, however, hinges on the existence and or breach of a contract between Kidder and AWF. Neither does AWF allege the existence of such a contract in its complaint. See Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 846 (2d Cir.1987) (mandating examination of facts alleged rather than legal characterization of claims to determine whether claim is within scope of arbitration clause) (citing Mitsubishi Motors, 473 U.S. 614, 624 n. 13 (1985)).
 
 
 8
 Thus, we do not have here a scenario such as that addressed in Rao v. Rao, 718 F.2d 219 (7th Cir.1983). There the Seventh Circuit held that a party could not avoid an arbitration clause by suing in tort. Id. at 225. The court, however, placed great emphasis on the nature of the tort which required proof of breach of contract as an "essential element." Id. Here, no proof of the existence of a contractual agreement between Kidder and AWF is required.
 
 
 9
 We recognize, however, that the parties may agree to arbitrate disputes which do not arise out of the contract containing the arbitration agreement. Zink v. Merrill, Lynch Fenner & Smith, Inc., 13 F.3d 330, 333 (10th Cir.1993). Here, the agreement between Kidder and Donahue consisted of the following:
 
 
 10
 [a]ny controversy or claim arising out of or relating to accounts of or transactions with or for the undersigned or to this agreement or the breach thereof shall be settled by arbitration in accordance with the rules of either the American Arbitration Association or any of the exchanges or other markets wherein any of the Options transactions giving rise to the claim or controversy were executed as the undersigned may elect.
 
 
 11
 I Aplt.App. at 189 (emphasis added). The underscored text indicates that Kidder and Donahue did not agree to arbitrate claims which do not arise from the options trading authorized by the brokerage agreement. Neither the brokerage agreement nor the brokerage relationship between AWF and Kidder is implicated in AWF's complaint. Therefore, the arbitration clause in the brokerage agreement executed between Donahue and Kidder, even assuming it binds AWF, cannot force arbitration of these claims.
 
 
 12
 Citing 9 U.S.C. 4, Kidder also claims that the district court failed to hold an evidentiary hearing on the motion and that this omission constitutes reversible error. The text of the Federal Arbitration Act reads in pertinent part "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default ... the court shall hear and determine such issue."
 
 
 13
 Because we determine that the disputed claims do not arise out of the brokerage agreement and the arbitration clause therein does not apply as a matter of law, the district court's summary disposition of this motion was not error. See 9 U.S.C. 6; Fed.R.Civ.P. 56(c).
 
 
 
 [2]
 The Honorable Stanley J. Roszkowski, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3